Affirmed and Memorandum Opinion filed July 12, 2007








Affirmed and Memorandum Opinion filed July 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00442-CR

____________

 

ROBERT TREVINO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1327958

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Robert Trevino, was convicted by a jury of
driving while intoxicated and sentenced by the trial court to 180 days= confinement,
probated for one year, and a $200.00 fine.  In his sole point of error on
appeal, appellant contends the trial court erred in denying his motion to
suppress because the scope of his detention illegally exceeded the
justification for the initial detention.  We affirm.  








During the early morning hours of September 15, 2005, Berry
Levitt of the Houston Police Department was operating a hand-held radar in the
9400 block of Westheimer when he clocked a white Cadillac Escalade going 72
miles an hour where the posted speed limit is 35 miles an hour.  Levitt pursued
the Escalade and stopped it in the 9500 block of Westheimer.  As Levitt
approached the driver=s side door, Officer Egdorf of the HPD DWI
Task Force pulled up in his patrol car behind Levitt=s vehicle.  

Egdorf remained in his patrol car while Levitt approached
appellant and asked for his driver=s license and
insurance.  Appellant had difficulty finding his driver=s license. 
Appellant told Levitt he was a Fort Bend County Sheriff=s Deputy.  Levitt,
without having issued a citation for speeding, then asked Egdorf to investigate
appellant for DWI.  At this point, Levitt=s involvement with
the speeding investigation had ended.  

Egdorf=s investigation became part of Levitt=s investigation. 
When Egdorf made contact with appellant, he noticed slurred speech, a strong
odor of an alcoholic beverage on appellant=s breath, and
glassy eyes.  When asked, appellant responded that he had had five beersChis last beer at
10:00 p.m., and he was coming from a bar.  Appellant was not able to say what
he had eaten or what time he had eaten.  Appellant stated he was drunk and,
later, during the field sobriety test, appellant again said he was
intoxicated.  Egdorf conducted the field sobriety test and determined appellant
had lost the normal use of his mental and physical faculties.  Egdorf believed
appellant was intoxicated.  Appellant later refused a breath test. 








In his sole point of error, appellant argues the scope of
his detention illegally exceeded the justification for the initial detention. 
The decision to stop an automobile is reasonable where the police have probable
cause to believe that a traffic violation has occurred.  Walter v. State,
28 S.W.3d 538, 542 (Tex. Crim. App. 2000); Garcia v. State, 827 S.W.2d
937, 944 (Tex. Crim. App. 1992).  A routine traffic stop resembles an
investigative detention.  Berkemer v. McCarty, 468 U.S. 420, 439
(1984).  An investigative detention is a seizure for Fourth Amendment
purposes.  Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App.
1996).  To determine the reasonableness of an investigative detention, we apply
the two-pronged Terry[1]
test:  (1) whether the officer=s action was justified at its inception
and (2) whether it was reasonably related in scope to the circumstance that
justified the initial interference.  Davis v. State, 947 S.W.2d 240, 242
(Tex. Crim. App. 1997) (citing Terry, 392 U.S. at 19B20).  

Under the first prong of the Terry test, the police
officer must have reasonable suspicion.  Id. at 242B43.  Reasonable
suspicion exists if the officer has specific, articuable facts that, when
combined with rational inferences from those facts, would lead the officer to
reasonably conclude that a particular person actually is, has been, or will
soon be engaged in criminal activity.  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005).  

The second prong of the Terry test concerns the
scope of the detention.  Davis, 947 S.W.2d at 243.  An investigative
detention must be temporary, lasting no more than is necessary to effectuate
the purpose of the stop.  Id. at 245.  Investigative methods used should
be the least intrusive reasonably available to dispel the officer=s suspicion in a
short period of time.  Id.  The propriety of the duration of the stop is
determined by assessing whether the police diligently pursued a method of
investigation that was likely to dispel or confirm their suspicions quickly.  Id. 


Appellant does not challenge the justification for the
initial traffic stop.  Instead, he asserts Levitt did not have reasonable
suspicion to expand the scope of the investigation for speeding into an
investigation for DWI.  Levitt stated appellant maintained his lane of traffic
without swerving into other lanes.  Levitt also testified appellant=s driving behavior
for slowing down, changing lanes, pulling over, and stopping were all indicative
of normal physical and mental faculties.  Part of Levitt=s duty is to look
for possible signs of intoxication and he has been trained in sobriety
field-testing.  Levitt did not mention an odor of any alcoholic beverage,
bloodshot or glassy eyes, slurred speech, or erratic driving.  








The State argues that although Levitt=s speeding
investigation had ended, that does not mean any suspicions of DWI or other
criminal activity had ended or that the speeding investigation had ended.  See
State v. Thirty Thousand Six Hundred Sixty Dollars and no/100 ($30,660) in U.S.
Currency, 136 S.W.3d 392, 399 (Tex. App.CCorpus Christi
2004, pet. denied) (explaining, after a traffic stop for speeding, the officer
may continue to detain the suspect after concluding the investigation of the
traffic violation if he has reasonable suspicion another offense is being
committed).  We agree.  Egdorf pulled in behind Levitt almost immediately after
the stop and his investigation became part of Levitt=s investigation. 
Moreover, there is nothing to suggest a citation for speeding was issued at
all, much less before Egdorf became involved.  See id. (explaining
whether the officer was required to release the defendant depended on whether
he had developed a reasonable suspicion of criminal activity before issuing the
speeding ticket).  We conclude there was reasonable suspicion to justify the
continued detention and investigate the DWI offense.  Appellant=s sole point of
error is overruled.  

Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Terry v. Ohio, 392 U.S. 1 (1968).